KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

THOMAS MUEHLECK #3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-mail: Thomas.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) Case No. CR25-00101 SASP-02 |
|---|---|
| Plaintiff, | ) MOTION TO DETAIN DEFENDANT WITHOUT BAIL |
| vs. | ) |
| LAURA M. SEXTON, (02) | ) |
| Defendant. | ) |

MOTION TO DETAIN DEFENDANT WITHOUT BAIL

The United States hereby moves to detain defendant without bail, pursuant to 18 U.S.C. § 3142.

1. <u>Eligibility of Case</u>. This defendant is eligible for detention because the case involves (check all that apply):

|           |    |                                                                                                                                                         |
|-----------|----|---------------------------------------------------------------------------------------------------------------------------------------------------------|
| _____    | a. | Offense committed on release pending felony trial (3142(d)(1)(A)(i))*                                                                                    |
| _____    | b. | Offense committed on release pending imposition, execution, or appeal of sentence, conviction or completion of sentence (3142(d)(1)(A)(ii))*             |
| _____    | c. | Offense committed while on probation Or parole (3142(d)(1)(A)(iii))*                                                                                     |
| _____    | d. | A citizen of a foreign country or unlawfully admitted person (3142(d)(1)(B))*                                                                            |
| _____    | e. | Crime of violence (3142(f)(1)(A))                                                                                                                        |
| _____    | f. | Maximum sentence life imprisonment or death (3142(f)(1)(B))                                                                                              |
| __X__     | g. | 10+ year drug offense (3142(f)(1)(C))                                                                                                                    |
| _____    | h. | Felony, with two prior convictions in above categories (3142(f)(1)(D))                                                                                   |
| _____    | i. | Felony not otherwise a crime of violence involving a minor victim (3142(f)(1)(E))                                                                        |
| _____    | j. | Felony not otherwise a crime of violence involving the possession or use of a firearm, destructive device, or dangerous weapon (3142(f)(1)(E))           |
| _____    | k. | Felony not otherwise a crime of violence involving a failure to register under 18 U.S.C. § 2250 (3142(f)(1)(E))                                          |
| __X__     | l. | Serious risk defendant will flee (3142(f)(2)(A))                                                                                                         |
| __X__     | m. | Danger to other person or community **                                                                                                                   |

    _____ n. Serious risk obstruction of justice (3142(f)(2)(B))

    _____ o. Serious risk threat, injury, intimidation of prospective witness or juror (3142(f)(2)(B))

\* requires "l" or "m" additionally

\*\* requires "a", "b", "c", or "d" additionally

2. <u>Reason for Detention</u>.  The court should detain defendant (check all that apply):

    __X__ a. Because there is no condition or combination of conditions of release which will reasonably assure defendant's appearance as required (3142(e))

    __X__ b. Because there is no condition or combination of conditions of release which will reasonably assure the safety of any other person and the community (3142(e))

    _____ c. Pending notification of appropriate court or official (not more than 10 working days (3142(d))

3. <u>Rebuttable Presumption</u>.  A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community arises under Section 3142(e) because (check all that apply):

    __X__ a. Probable cause to believe defendant committed 10+ year drug offense

3

    _____ b.    Probable cause to believe defendant committed an offense under 18 U.S.C. § 924(c)

    _____ c.    Probable cause to believe defendant committed an offense under 18 U.S.C. § 956(a) or 2332b

    _____ d.    Probable cause to believe defendant committed 10+ year offense listed in 18 U.S.C. § 2332b(g)(5)(B)

    _____ e.    Probable cause to believe defendant committed an offense involving a minor victim listed in 18 U.S.C. § 3142(e)

    _____ f.    Previous conviction for eligible offense committed while on pretrial release

4.    <u>Time for Detention Hearing</u>.    The United States requests that the court conduct the detention hearing:

    _____ a.    At first appearance

    _____ b.    After continuance of __3__ days (not more than 3)

DATED:   October 17, 2025, at Honolulu, Hawaii.

    KENNETH M. SORENSON
    Acting United States Attorney
    District of Hawaii

    By  */s/ Thomas Muehleck*
    THOMAS MUEHLECK
    Assistant U.S. Attorney